**Richard DeGRIJZE, Plaintiff– Appellant,**

v.

**George PATAKI, Governor of the State of New York, and Glenn Goord, Commissioner of Department of Corrections, Defendants–Appellees.**

No. 04–1696–pr.

United States Court of Appeals, Second Circuit.

Feb. 29, 2008.

Richard DeGrijze, pro se, Beacon, N.Y., for Petitioner.

John E. Knudsen, Assistant Attorney General (Robert H. Easton, Ann P. Zybert, of counsel), for Eliot Spitzer, Attorney General of the State of New York, New York, N.Y., for Respondents.

PRESENT: Hon. AMALYA L. KEARSE, Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Richard DeGrijze, convicted of felony murder in March 1991 and incarcerated, filed suit in January 2001 under 42 U.S.C. § 1983 contending that the 1999 amendment to New York State Executive Law section 995(7), *see* Act of Oct. 18, 1999, ch. 560, § 9, 1999 N.Y. Laws 3247, 3248, violated the fourth category of

impermissible Ex Post Facto laws recognized in *Calder v. Bull,* 3 U.S. (3 Dall.) 386, 390, 1 L.Ed. 648 (1798) (laws that alter the legal rules of evidence). On February 18, 2004, judgment was entered dismissing his complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). DeGrijze appeals this judgment. We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

This Court reviews *de novo* a district court's dismissal of a complaint under Rule 12(b)(6) and construes "the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002). *See also Weinstein v. Albright,* 261 F.3d 127, 132 (2d Cir.2001) (noting that courts are instructed, in particular, to construe liberally the claims of pro se litigants raising civil rights complaints). For substantially the reasons expressed in the opinions of the district court judge and magistrate judge, dated February 4, 2004, and August 15, 2002, respectively, we affirm the dismissal of DeGrijze's complaint.

We have considered all of Plaintiff–Appellant's claims and find them to be without merit. The judgment of the district court is therefore AFFIRMED.